Lee Seham
Lucas K. Middlebrook
Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346
*Attorneys for Plaintiffs*

**07 CIV. 6910**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DAVID MOLINA and EDY MOLINA

                Plaintiffs,

v.

TOP NOTCH ONE CONSTRUCTION, LLC;
JOHN PAUL GENERAL CONTRACTING &
DEVELOPMENT, INC.; and, as individuals,
ERIC JADOW, JOHN CAMPANA,
JOHN RUZZA and PAUL PUCCINI

                Defendants.
------------------------------------------------------------x

Civil Action No.

COMPLAINT

**JUDGE CONNER**

Plaintiffs, David Molina and Edy Molina, by their attorneys, Seham, Seham, Meltz & Petersen, LLP, as and for their Complaint, state as follows:

### NATURE OF THE CASE

1. Plaintiff David Molina brings this action to recover from Defendants unpaid overtime compensation in the approximate amount of $3,200.00, and unpaid minimum wages in the approximate amount of $927.00 and, in each case, an additional equal amount of liquidated damages and a reasonable attorney's fee, pursuant to Section 216(b) of the Fair Labor Standards

Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "Act").  Plaintiff David Molina also seeks to recover unpaid wages and overtime compensation in the approximate amount of $6,800.00, and an additional 25% of liquidated damages, and a reasonable attorney's fee under the New York Labor Law §§190 et. seq.

2. Plaintiff Edy Molina brings this action to recover from Defendants unpaid overtime compensation in the approximate amount of $1,000.00 and unpaid minimum wages in the approximate amount of $1,236.00, and, in each case, an additional equal amount of liquidated damages and a reasonable attorney's fee, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "Act").  Plaintiff Edy Molina also seeks to recover unpaid wages and overtime compensation in the approximate amount of $7,000.00 and an additional 25% of liquidated damages, and a reasonable attorney's fee under the New York Labor Law §§190 et. seq.

## PARTIES

3. Plaintiffs are individuals who, at all material times referenced herein, worked and resided in New York State.

4. Upon information and belief, Defendant Top Notch One Construction, LLC ("Top Notch") is a New York corporation.  Irrespective of the state of incorporation, or whether it is incorporated, Top Notch is qualified to do business in New York and operates a construction company in New York, the mailing address of which is:  194 Garth Road, Apartment 21, Scarsdale, New York, 10583.

5. Upon information and belief, Defendant John Paul General Contracting and Development, Inc. ("John Paul, Inc.") is a New York corporation.  Irrespective of the state of

2

incorporation, or whether it is incorporated, John Paul, Inc. is qualified to do business in New York and operates a construction company in New York, the mailing address of which is: 40 Nardozzi Place, New Rochelle, New York, 10805.

6. Upon information and belief, Defendant Eric Jadow resides in New York State, and is a manager at The Eric Asher Company, Inc. ("Eric Asher Company"), and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendant corporation in relation to said employees, and was thus an employer of said employees within the meaning of section 203(d) of the Act.

7. Upon information and belief, Eric Asher Company is a New York corporation. Irrespective of the state of incorporation, or whether it is incorporated, Eric Asher Company is qualified to do business in New York and operates a construction company in New York, the mailing address of which is: 133 Railroad Avenue, Bedford Hills, New York, 10507.

8. Eric Asher Company is currently in Chapter 7 bankruptcy proceedings in United States Bankruptcy Court for the Southern District of New York, Case No. 06-22134, and therefore is not listed as a named defendant to this lawsuit.

9. Upon information and belief, Defendant John Campana resides in New York State, and is a manager at Defendant corporations Top Notch and John Paul, Inc. and was, at all times, in active control and management of said businesses, regulated the employment of all persons employed by said businesses, acted directly and indirectly in the interest of the Defendant corporations in relation to said employees, and was thus an employer of said employees within the meaning of section 203(d) of the Act.

10. Upon information and belief, Defendant John Ruzza resides in New York State, and is a manager at Defendant corporation Top Notch and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendant corporations in relation to said employees, and was thus an employer of said employees within the meaning of section 203(d) of the Act.

11. Upon information and belief, Defendant Paul Puccini resides in New York State, and is a manager at Defendant corporation John Paul, Inc. and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said businesses, acted directly and indirectly in the interest of the Defendant corporation in relation to said employees, and was thus an employer of said employees within the meaning of section 203(d) of the Act.

## **JURISDICTION AND VENUE**

12. Jurisdiction is conferred on the Court by 28 U.S.C. §1337, giving the District Court original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce," without regard to the citizenship of the parties or the sum or value in controversy, by 28 U.S.C. §1331 giving the District Court original jurisdiction of "all civil actions arising under the …laws…of the United States," and by section 16(b) of the Act (29 U.S.C. §216(b)). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13. Venue in this Court is proper under 28 U.S.C. § 1391.

## **BACKGROUND**

### **Defendants' Failure to Pay Wages and Overtime Compensation to Plaintiffs**

14. Defendant corporations and the individual Defendants were employers within the definition of the Fair Labor Standards Act, of 1938, § 3, 29 U.S.C. §203, and Plaintiffs were, at all times herein set forth, employees within the definition of said section.

15. Defendant corporations and the individual Defendants operated enterprises that were engaged in commerce within the meaning of said section of the Act. Said enterprises, at all times hereinafter mentioned, had an annual gross volume of sales made or business done in an amount not less than $500,000.00 each. Therefore, the Plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, as amended, 103 Stat. 938, Pub. L. 101-157.

16. At all times herein set forth the Defendant corporations Top Notch and John Paul Inc., and Eric Asher Company engaged in residential construction activity at 119 Random Farm Drive, Chappaqua, New York.

17. At all times herein set forth Defendants jointly employed Plaintiffs as construction workers.

<u>Allegations Particular to David Molina</u>

18. From on or about July 30, 2006, until on or about November 17, 2006, Plaintiff David Molina's actual average work week from Monday through Sunday was a minimum of sixty (60) hours per week.

19. Plaintiff David Molina and Defendants agreed to an hourly wage of $20.00 per hour.

5

20. During the entire period of Plaintiff David Molina's employment, Defendants employed Plaintiff, as aforesaid, and failed and refused to compensate Plaintiff David Molina for such employment in excess of forty hours in such work weeks at rates not less than one and one-half (1½) times the regular rates at which he was employed, as required by the federal Fair Labor Standards Act and New York State wage payment law.

21. From on or about October 30, 2006, until on or about November 17, 2006, Plaintiff David Molina received no compensation for his work for the Defendants.

22. During the entire period of Plaintiff David Molina's employment, the Defendants engaged in willful violation of overtime payment requirements of the Act as that term is employed in 29 U.S.C. § 255(a).

Allegations Particular to Edy Molina

23. From on or about December 9, 2006, until on or about January 6, 2007, Plaintiff Edy Molina's actual average work week from Monday through Sunday was a minimum of 60 hours per week.

24. Plaintiff Edy Molina and Defendants agreed to an hourly wage of $25.00 per hour.

25. During the entire period of Plaintiff Edy Molina's employment, Defendants employed Plaintiff Edy Molina, as aforesaid, and failed and refused to compensate Plaintiff for such employment in excess of forty (40) hours in such work weeks at rates not less than one and one-half (1½) times the regular rates at which he was employed, as required by the federal Fair Labor Standards Act and New York State wage payment law.

26. From on or about December 9, 2006, until on or about January 6, 2007, Plaintiff Edy Molina received no compensation for his work for the Defendants.

27. During the entire period of Plaintiff Edy Molina's employment, the Defendants engaged in willful violation of overtime payment requirements of the Act as that term is employed in 29 U.S.C. § 255(a).

## FIRST CAUSE OF ACTION

### (Plaintiffs' Federal Overtime Claims)

28. Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1-27 of this Complaint.

29. During the period from July 30, 2006, until on or about November 17, 2006, the Defendants willfully failed to pay Plaintiff David Molina overtime wages due under the Act.

30. During the period from October 30, 2006, until on or about November 17, 2006, the Defendants willfully failed to pay Plaintiff David Molina minimum wages due under the Act.

31. During the period from December 9, 2006, until on or about January 6, 2007, the Defendants willfully failed to pay Plaintiff Edy Molina overtime and minimum wages due under the Act.

32. The Defendants' failure to pay overtime and minimum wage rates to Plaintiff David Molina constitutes a violation under the provisions of the Fair Labor Standards Act as provided in 29 U.S.C. §§ 207, 216, as a result of which there is due and owing from the Defendants to Plaintiff David Molina approximately **$3,200.00** as compensation for unpaid overtime work and approximately **$927.00** for unpaid minimum wages **plus an additional equal amount as liquidated damages.** An additional sum, to be determined, is due and owing from the Defendants for Plaintiff David Molina's reasonable attorney's fees.

33. The Defendants' failure to pay overtime and minimum wage rates to Plaintiff Edy Molina constitutes a violation under the provisions of the Fair Labor Standards Act as provided in 29 U.S.C. §§207, 216, as a result of which there is due and owing from the Defendants to Plaintiff Edy Molina approximately **$1,000.00** as compensation for unpaid overtime work and approximately **$1,236.00** for unpaid minimum wages **plus an additional equal amount as liquidated damages.** An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Edy Molina's reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### (Plaintiffs' State Law Wage Claims)

34. Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1-33 of this Complaint.

35. During the period from July 2006 through January 2007, the Defendants willfully failed to pay Plaintiffs wages due under New York State wage and overtime laws.

36. The Defendants' failure to pay wages constitutes a violation of the New York Labor Law §§190 et seq., as a result of which there is due and owing from the Defendants to Plaintiff David Molina, as compensation for unpaid wages and overtime compensation, approximately, **$6,800.00 plus an additional 25% as liquidated damages.** An additional sum, to be determined, is due and owing from the Defendants for Plaintiff David Molina's reasonable attorney's fees.

37. The Defendants' failure to pay wages constitutes a violation of the New York Labor Law §§190 et seq., as a result of which there is due and owing from the Defendants to Plaintiff Edy Molina, as compensation unpaid wages and overtime compensation, approximately,

**$7,000.00 plus an additional 25% as liquidated damages.** An additional sum, to be determined, is due and owing from the Defendants for reasonable attorney's fees.

**WHEREFORE**, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

1. For an Order for damages to be awarded to Plaintiff David Molina, pursuant to the Fair Labor Standards Act, in the amount of **$3,200.00** for unpaid overtime compensation and **$927.00** for unpaid minimum wages **and for an additional equal amount as liquidated damages.**

2. For an Order for damages to be awarded to Plaintiff David Molina, pursuant to New York Labor Law in the amount of **$6,800.00** for unpaid wages and overtime compensation **and for an additional 25% as liquidated damages.**

3. For an Order for damages to be awarded to Plaintiff Edy Molina, pursuant to the Fair Labor Standards Act, in the amount of **$1,000.00** for unpaid overtime compensation and **$1,236.00** for unpaid minimum wages **and for an additional equal amount as liquidated damages.**

4. For an Order for damages to be awarded to Plaintiff Edy Molina, pursuant to New York Labor Law in the amount of **$7,000.00** for unpaid wages and overtime compensation **and for an additional 25% as liquidated damages.**

5. For an Order awarding the Plaintiffs the **costs of this action, including payment of reasonable attorney's fees.**

6. For an Order awarding Plaintiffs **interest on any of the above amounts** running on unpaid wages illegally withheld.

Case 7:07-cv-06910-WCC    Document 1    Filed 08/01/2007    Page 10 of 10

7. For an Order awarding Plaintiffs punitive damages calculated to be sufficient to deter such misconduct in the future, and

8. Granting such additional relief as the Court deems proper and just.

Plaintiff hereby demands a trial by judge.

Dated: White Plains, New York
       July 31, 2007

        SEHAM, SEHAM, MELTZ & PETERSEN, LLP

        By: _____
        Lee Seham (LS-3245)
        Lucas K. Middlebrook (LM-7111)
        Stanley J. Silverstone (SS-2150)
        445 Hamilton Avenue, Suite 1204
        White Plains, New York 10601
        Tel: (914) 997-1346
        Fax: (914) 997-7125
        ssmpls@aol.com
        lmiddlebrook@ssmplaw.com
        ssilverstone@ssmplaw.com

        *Attorneys for Plaintiffs David Molina*
        *and Edy Molina*

10