UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MOLINA and EDY MOLINA,<br><br>                Plaintiff,<br><br>v.<br><br>TOP NOTCH ONE CONSTRUCTION, LLC., JOHN PAUL GENERAL CONTRCATING & DEVELOPMENT, INC., and as individuals, ERIC JADOW, JOHN CAMPANA, JOHN RUZZA and PAUL PUCCINI.<br>                Defendants. | Civil Action No.: 07 CIV 6910<br><br>**DEFENDANT TOP NOTCH ONE LLC and JOHN CAMPANA'S ANSWER** |

Defendant, JOHN CAMPANA and TOP NOTCH ONE CONSTRUCTION, by and through his attorneys, MEDINA, TORREY, MAMO & GARCIA P.C., as and for his Answer to plaintiff's Complaint, dated July 31, 2007, responds upon information and belief as follows:

### NATURE OF THE ACTION

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" "2" and "3" of the Complaint. In addition, ANSWERING DEFENDANT refers all questions of law and fact to this Honorable Court.

### THE PARTIES

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

3.    Admits the allegations contained in paragraph "4" of the Complaint.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

8. Deny the allegations contained in paragraph "9" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

## JURISDICTION

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" and "13" of the Complaint. ANSWERING DEFENDANT refers all questions of law and fact to this Honorable Court.

## BACKROUND

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14", "15", "16" and "17" of the Complaint. ANSWERING DEFENDANT refers all questions of law and fact to this Honorable Court.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18", "19", "20", "21" and "22" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23", "24", "25", "26", and "27" " of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

16. Defendant repeats and realleges each and every response asserted in paragraph numbers "1" through "15" above, as and for their response to paragraph "16", with the same force and effect as set forth at length herein.

17. Deny the allegations contained in paragraph "29", "30", "31", "32", and "33".

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

18. Defendants repeat and reallege each and every response asserted in paragraph numbers "1" through "17" and any other paragraphs in this Complaint above, as and for their response to paragraph "18", with the same force and effect as set forth at length herein.

19. Deny the allegations contained in paragraph "19", "35", "36", and "37".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The Court lacks subject matter jurisdiction over the case in controversy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The ANSWERING DEFENDANT alleges that the Complaint on file herein fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. The ANSWERING DEFENDANT alleges that any harm which came to plaintiff was a direct and proximate result of plaintiff's own actions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24. Some or all of Plaintiff's claims may be barred by the applicable Statute of Limitations.

**WHEREFORE,** it is respectfully requested that (a) the Complaint and any and all claims asserted against Defendant, TOP NOTCH ONE CONSTRUCTION LLC and JOHN

CAMPANA, be dismissed with costs, interest and disbursements, along with such other and further relief as this Court deems just and proper.

Dated: September 24, 2007

          MEDINA, TORREY, MAMO & GARCIA P.C.
          Attorneys for Defendant
          WALTER SPAGNOLA

          By: /s/ Anthony J. Mamo, Jr.
          ANTHONY J. MAMO, JR., Esq.
          (AJM-2570)
          95 Beekman Avenue
          Sleepy Hollow, NY 10591
          (914) 631-5050

TO:
    Lee Seham, Esq.
    Seham, Seham Meltz and Petersen
    445 Hamilton Avenue
    White Plains, NY 10601

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

      ANTHONY J. MAMO, JR., being duly sworn, deposes and says, that deponent is not a party to this action and is over 18 years of age.  That on September 24, 2007, deponent served the within ANSWER upon the following parties:

  Lee Seham
  White Plains, NY 10601

By mailing the same by Regular Mail, addressed to the last known address of the addressee(s) as indicated above.

                                      /s/ Anthony J. Mamo, Jr._____
                                      ANTHONY J. MAMO, JR.

Sworn to before me this
24th day of September 2007

_____
  Notary Public