Christopher A. Smith
TRIVELLA, FORTE & SMITH, LLP
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075
*Attorneys for the Defendant Mr. Eric Jadow*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DAVID MOLINA and EDY MOLINA,

                       Plaintiffs,

     -against-

TOP NOTCH ONE CONSTRUCTION, LLC.,
JOHN PAUL GENERAL CONTRACTING &
DEVELOPMENT, INC., and, as individuals,
ERIC JADOW, JOHN CAMPANA, JOHN
RUZZA and PAUL PUCCINI,

                   Defendants.

------------------------------------------------------------x

**ANSWER**

Civil Action No.: 07-CIV-6910 (WCC)

**JURY TRIAL DEMANDED**

      Defendant Eric Jadow, by his attorneys Trivella, Forte & Smith, LLP, as and for his Answer

to the Complaint dated July 31, 2007.

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "1" of the Complaint, except denies he owes any overtime or other

monies or compensation to the plaintiffs and respectfully refers to the Court to the statutes mentioned

in th is paragraph for their true content and meaning.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "2" of the Complaint, except denies he owes any overtime or other

monies or compensation to the plaintiffs and respectfully refers to the Court to the statutes mentioned

therein for their true content and meaning.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint except admits the address.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint except admits the address.

6.    Denies the allegations set forth in paragraph "6" of the Complaint except admits he resides in New York and had a position with Eric Asher and respectfully refers the Court to the statutes mentioned therein for their true content and meaning.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint except admits the address.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint except admits Eric Asher is in bankruptcy.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.    Denies the allegations set forth in paragraph "12" of the Complaint.

13.    Denies the allegations set forth in paragraph "13" of the Complaint.

14.    Paragraph "14" calls for a legal conclusion for which no response is required. To the extent the Court requires a response the defendant Eric Jadow denies the allegations in the paragraph and respectfully refers the Court to the statutes mentioned therein for their true content and meaning.

15.     Paragraph "15" calls for a legal conclusion for which no response is required. To the extent the Court requires a response the defendant Eric Jadow denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15 of the Complaint as to whether all the corporation mentioned had gross sales volume or business in excess of $500,000.00.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint except admits Eric Asher did work at the construction site listed therein.

17.     Denies the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint as to what the other defendants agreed except denies that Mr. Eric Jadow ever had any agreement with the plaintiffs.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint except defendant Eric Jadow denies he owes the plaintiffs compensation or any money or other thing of value or ever agreed to pay the plaintiffs.

22.     Denies the allegations set forth in paragraph "22" of the Complaint.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint as to what the other defendants agreed and denies that Eric Jadow ever had any agreement with the plaintiffs.

25.     Denies the allegations set forth in paragraph "25" of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint except denies defendant Eric Jadow owes the plaintiffs compensation or agreed to compensate the plaintiffs.

27.    Denies the allegations set forth in paragraph "27" of the Complaint.

28.    The defendant repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as though more fully set forth herein at length.

29.    Denies the allegations set forth in paragraph "29" of the Complaint.

30.    Denies the allegations set forth in paragraph "30" of the Complaint.

31.    Denies the allegations set forth in paragraph "31" of the Complaint.

32.    Denies the allegations set forth in paragraph "32" of the Complaint.

33.    Denies the allegations set forth in paragraph "33" of the Complaint.

34.    The defendant repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as though more fully set forth herein at length.

35.    Denies the allegations set forth in paragraph "35" of the Complaint.

36.    Denies the allegations set forth in paragraph "36" of the Complaint and respectfully refers to the Court to the statutes mentioned therein for their true content and meaning.

37.    Denies the allegations set forth in paragraph "37" of the Complaint and respectfully refers to the Court to the statutes mentioned therein for their true content and meaning.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38.    The plaintiffs are subject to the exemptions to the maximum hour requirements as set forth in the Fair Labor Standards Act. 29 U.S.C. Section 213(b)(1).

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39.     The claims set forth in the Complaint fail to state a cause of action for which relief may

be granted as to Eric Jadow.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40.     To the extent the Complaint seeks monies more than 2 years prior to the interposition of

the Complaint or other statutory limitations of time, the claims are barred by the

applicable Statute of Limitations. 29 U.S.C. Section 255.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41.     To the extent the plaintiffs were managers or supervisors or other employees exempt

from the Fair Labor Standards Act pursuant to 29 U.S.C. Section 213 the defendants

including the defendant Jadow would not be required to pay overtime compensation to

the plaintiffs and would not otherwise be liable to the plaintiffs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42.     To the extent any plaintiff did not work more than forty hours in a give week or

otherwise did not work more than the hours specified in 29 U.S.C. section 207(a)(1) that

plaintiff is not entitled to overtime pay pursuant to the Fair Labor Standards Act.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43.     The Court lacks subject matter jurisdiction over defendant Jadow since the Complaint

fails to properly allege the defendant Jadow engaged in interstate commerce and there is

no pendent jurisdiction over the state law claims against Eric Jadow.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44.     The state law claims alleged in the Second Cause of Action in the Complaint are

preempted, and pendent jurisdiction does not apply and/or is inappropriate with respect

to the causes of action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45.    The plaintiffs fail to state a cognizable legal claim against the individual defendant Jadow.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46.    Punitive damages are not available or appropriate against the defendant Jadow, and the

plaintiffs fail to state a cognizable claim for punitive damages against the defendant

Jadow.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

47.    The defendants have paid the plaintiffs all sums due and owing to the plaintiffs.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

48.    The plaintiffs failed to exhaust their administrative procedural and contractual remedies

prior to commencing this lawsuit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE AND FIRST CROSS-CLAIM AGAINST THE DEFENDANTS TOP NOTCH ONE CONSTRUCTION, LLC, JOHN PAUL GENERAL CONTRACTING & DEVELOPMENT, INC., JOHN CAMPANA, JOHN RUZZA AND PAUL PUCCINI

49.    Should the trier of fact determine that the defendant Eric Jadow is liable to plaintiffs

for any of the causes of action set forth in the Complaint, such liability arises out of acts performed,

or acts failed to have been performed, by the defendants TOP NOTCH ONE CONSTRUCTION,

LLC., JOHN PAUL GENERAL CONTRACTING &DEVELOPMENT, INC., and, as

individuals, ERIC JADOW, JOHN CAMPANA, JOHN RUZZA and PAUL PUCCINI.

Therefore, to the extent that any judgment(s) is/are entered against defendant Eric Jadow

based upon the conduct of the co-defendants enumerated in the preceding paragraph, the defendant

Eric Jadow is entitled to recover the full amount of such judgment(s) from said co-defendants.

WHEREFORE, the defendant Eric Jadow prays for judgment against plaintiffs as follows:

1.    An order dismissing the Complaint action as to Eric Jadow or, in the alternative,

2.    An order directing co-defendants TOP NOTCH ONE CONSTRUCTION, LLC.,JOHN PAUL GENERAL CONTRACTING &DEVELOPMENT, INC., and, as individuals, JOHN CAMPANA, JOHN RUZZA and PAUL PUCCINI to compensate and make whole defendant Eric Jadow for the dollar amount of any and all liability arising out of the causes of action set forth in the Complaint.

3.    Granting the defendant Eric Jadow reasonable attorney's fees and costs; and

4.    For such other and further relief, in law or in equity, as this Court deems necessary and proper.

Dated: White Plains, New York
       October 11, 2007

TRIVELLA, FORTE & SMITH, LLP

By:_____
Christopher A. Smith (CS 9014)
1311 Mamaroneck Avenue, Ste. 170
White Plains, New York 10605
Tele: (914) 949-9075
Fax: (914) 949-4752

*Attorneys for Defendant Eric Jadow*

To:    SEHAM, SEHAM, MELTZ & PETERSON, LLP
       Lee Seham (LS-3245)
       Lucas K. Middlebrook (LM-7111)
       Stanley J. Silverstone (SS-2150)
       445 Hamilton Avenue, Ste. 1204
       White Plains, New York 10601
       Tel: (914) 997-1346
       Fax: (914) 997-7125

       *Attorneys for Plaintiffs David Molina and Edy Molina*