Lee Seham
Lucas K. Middlebrook
Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DAVID MOLINA and EDY MOLINA

                        Plaintiffs,

    v.

TOP NOTCH ONE CONSTRUCTION, LLC;
JOHN PAUL GENERAL CONTRACTING &
DEVELOPMENT, INC.; and, as individuals,
ERIC JADOW, JOHN CAMPANA,
JOHN RUZZA and PAUL PUCCINI

                        Defendants.
-----------------------------------------------------------x

Civil Action No.: 07-CV-6910 (WCC)

**AFFIDAVIT IN SUPPORT
OF PARTIAL DEFAULT
JUDGMENT AS TO DEFENDANT
PAUL PUCCINI**

STATE OF NEW YORK    )
COUNTY OF WESTCHESTER  )ss.:

    Lucas K. Middlebrook, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of Seham, Seham, Meltz & Petersen, LLP, attorneys for plaintiffs in the above-entitled action. I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b), in support of Plaintiffs' application for the entry of a partial default judgment against defendant Paul Puccini.

3. None of the defendants are infants, in the military, nor an incompetent person.

4. Jurisdiction of the subject matter is conferred on the Court by 28 U.S.C. § 1337, giving the District Court original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce," without regard to citizenship of the parties or the sum or value in controversy, by 28 U.S.C. § 1334 giving the District Court original jurisdiction of "all civil actions arising under the . . . laws . . . of the United States," and by section 16(b) of the Fair Labor Standards Act (29 U.S.C. §216(b)). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

Service of Process

5. This action was commenced on August 1, 2007 by the filing of the summons and complaint. A copy of the summons and complaint was served on the defendant Paul Puccini on August 30, 2007. A true and correct copy of the Summons and Complaint in this action is attached hereto as Exhibit "A." Service was made by delivering a true copy of the summons and complaint to Donna Puccini, person of suitable age and discretion, known to be wife of defendant Paul Puccini, at defendant's dwelling house located at 78 Tuckahoe Avenue, Eastchester, New York, 10709. A copy of the same was then enclosed in a postpaid envelope and sent regular and certified mail, properly addressed to Paul Puccini's last known residence at 78 Tuckahoe Avenue, Eastchester, New York, 10709. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof by return address or otherwise, that the

communication was from an attorney or concerned an action against the recipient. A true and correct copy of the affidavit of service is attached hereto as Exhibit "B".

6. Proof of service was filed on September 4, 2007. Defendant Paul Puccini has not answered or otherwise moved with respect to the complaint and the time for defendant Paul Puccini to answer or otherwise move with respect to the complaint has expired, and the time for defendant Paul Puccini to answer or otherwise move with respect to the complaint has not been extended.

Damages

7. This action seeks judgment against defendant Paul Puccini for the liquidated amount of $19,733.00, plus post-judgment interest at the appropriate statutory rate, all of which is justly due and owing, and no part of which has been paid except as herein set forth.[1]

8. The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

Attorneys' Fees

9. The Fair Labor Standards Act provides that "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).[2] Similarly, the New York Labor Law

---

[1] A detailed breakdown of damages is set forth in the Complaint attached hereto. (Exhibit A, Complaint at 9). The total damage amount contained herein has been reduced by $667.00 to represent a portion of straight-time wages that were paid to plaintiff David Molina by the homeowners of the property where the unpaid work was performed.

[2] Under the FLSA, award of attorney's fees to successful plaintiff employee's attorney is mandatory and unconditional. 29 U.S.C. §216 (b). See also, *Fegley v. Higgins* 19 F.3d 1126 (6th Cir. 1994); and *Soler v. G & U, Inc.* 658 F.Supp 1093 (S.D.N.Y. 1987). Section 216(b) of the Act provides: "The court in such action **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (Emphasis supplied.) The purpose of the FLSA's attorney fee provisions is to ensure effective access to judicial process by providing attorney's fees for prevailing plaintiffs

provides that "in any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee a reasonable attorney's fees..." Labor Law, § 198(1-a).

10. Since the inception of this case, plaintiffs' attorneys have undertaken all reasonable efforts to keep legal fees at a minimum, including, but not limited to, having the majority of the work required for this case performed by associates in the firm whose billable hourly rates are lower than partners.

11. Plaintiffs' attorneys' fees and cost of this action, up to and including October 23, 2007, total $13,412.40. This figure includes the fees and costs associated with the filing of this order to show cause. (See invoice attached as "Exhibit C"). As demonstrated in the attached invoice, standard billing rates for Seham, Seham, Meltz & Petersen, LLP are as follows: partners are billed at a rate of $300.00 per hour; associates are billed at a rate of $250.00 per hour; and legal assistants are billed at a rate of $200.00 per hour.

WHEREFORE, Plaintiffs respectfully request that the default of defendant Paul Puccini be noted and that judgment be entered in favor of Plaintiffs and against Defendant Puccini in the manner stated herein.

---

with wage and hour grievances. *Fegley,* 19 F.3d at 1134. In determining attorney's fees under the FLSA, the court should not place undue emphasis on the amount of plaintiff's recovery because award of attorney fees encourages vindication of congressionally identified policies and rights. *Id.* at 1134.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: White Plains, New York
October 25, 2007

By: _____
Lucas K. Middlebrook (LM 7111)

Sworn to before me this 25th
day of October, 2007

_____

STANLEY J. SILVERSTONE
Notary Public, State Of New York
No. 02SI5088151
Qualified In Westchester County
Commission Expires November 17, 20 09